

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2005

# Sebrell v. Phila Pol Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3440

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Sebrell v. Phila Pol Dept" (2005). *2005 Decisions.* Paper 117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 05-3440

———————

VERNELL L. SEBRELL,
FOR ALBERT L.M. SEBRELL (Deceased)

v.

PHILADELPHIA POLICE DEPARTMENT;
PHILADELPHIA MEDICAL EXAMINERS
OFFICE; PARA MEDICS; THE CITY OF
PHILADELPHIA

VERNELL L. SEBRELL,
                                    Appellant

———————

On appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 03-cv-4507)
District Judge: Honorable John P. Fullam, Sr.
—————————————————

Submitted Under Third Circuit LAR 34.1(a)
December 13, 2005

Before:  BARRY, STAPLETON and GREENBERG, <u>Circuit</u> <u>Judges</u>
(Filed:  December 13, 2005)

———————

OPINION

———————

PER CURIAM

Vernell Sebrell appeals pro se from an order of the District Court dismissing her lawsuit for failure to prosecute. Sebrell filed this civil rights action pursuant to 42 U.S.C. § 1983 in the United District Court for the Eastern District of Pennsylvania, alleging, among other things, that detectives from the Philadelphia Police Department and Medical Examiner's Office conducted a faulty investigation of her son's death in order to protect a third party and then covered up evidence of their shoddy investigation.

Sebrell was originally denied permission to proceed in forma pauperis in the District Court. However, she successfully appealed that decision in this court and, on remand, was granted leave to proceed in forma pauperis. See Sebrell v. Phila. Police Dep't, No. 03-3460 (3d Cir. Mar. 1, 2004). After the case was remanded, in keeping with the procedures for in forma pauperis plaintiffs, the District Court ordered the United States Marshals Service to serve process of the summons and complaint on the defendants.

On May 19, 2004, the Marshals Service wrote to Sebrell to inform her that its attempt to effect service was unsuccessful due to flaws in the forms (known as USM-285 forms) that she had completed. See Docket #15, Ex. 1. The letter explained that although Sebrell had listed the District Attorney Lynne Abraham as the person to receive service, the District Attorney would not accept service because she was not named as a defendant in the complaint. The only named defendants in Sebrell's complaint were "Philadelphia Police Department," "Philadelphia Medical Examiners Office," and "Para Medics." The letter further explained that the Marshals Service attempted to serve the complaint on these three defendants at the City Solicitors Office, but that this attempt was unsuccessful

because the words "City of Philadelphia" must precede the names of each of these defendants in the caption of the complaint. The letter expressly stated that service of the complaint could only be made if Sebrell amended the caption to list the defendants as "The City of Philadelphia Police Department," "The City of Philadelphia Medical Examiners Office," and "The City of Philadelphia Fire Department." Finally, the letter advised Sebrell that, after she amended the caption in the District Court, she should complete and return three more USM-285 forms reflecting the names of the defendants, as modified.

Despite these explicit instructions, Sebrell did not amend the caption. Instead, she filed a "Motion to compel U.S. Marshals to Serve Summons to District Attorney's office as order states," arguing that the Marshals failed to do their job when they refused to serve the complaint on the District Attorney. To enable Sebrell's suit to go forward, the District Court construed this motion as a request to amend the caption of the complaint and ordered that the caption be amended to name the "City of Philadelphia" as the defendant, and that the Marshals Service serve the amended complaint on the defendants. The record indicates that the Marshals Service contacted Sebrell on June 23, 2004, August 18, 2004, and September 24, 2004, requesting that she complete new USM-285 forms.

Sebrell responded by objecting to the District Court's caption change and reasserting her earlier argument that the complaint should be served on the District Attorney. On January 14, 2005, the District Court entered an order giving Sebrell 30 days in which to complete and return the forms to the Marshals Service or risk having her case

dismissed. Sebrell did not return the forms. Three months later, on April 13, 2005, Sebrell filed a document titled "Complaint and notification of intent to appeal," which repeated her objection to the caption change and added an objection to the January order as well.[1] Two months passed without Sebrell returning the forms, and, on June 13, 2005, the District Court dismissed the case for failure to prosecute. Sebrell filed a timely appeal and has filed a brief. We review the District Court's dismissal for failure to prosecute for abuse of discretion. See Dunbar v. Triangle Lumber and Supply Co., 816 F.2d 126, 128 (3d Cir. 1987).

A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b). Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties. See Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b). We have held that dismissal is a "drastic sanction" which should be reserved for cases "where there is a clear record of delay or contumacious conduct by the plaintiff." See Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982).

Ordinarily, we have required a District Court to consider and balance six factors

---

[1] We note that Sebrell supports her argument against the caption change, in part, with the assertion that "the U.S. Court of Appeals examined this case for any procedure errors and found none." This appears to be a reference to her earlier appeal, which dealt solely with the question whether Sebrell was entitled to proceed in forma pauperis in the District Court. We held that she was and remanded the case to the District Court for further proceedings. Contrary to Sebrell's assertion, nothing in our earlier opinion indicates that we considered the case for procedural errors or evaluated the sufficiency of the caption as originally filed.

enumerated in Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984), when deciding, sua sponte, to use dismissal as a sanction. See, e.g., Livera v. First Nat'l Bank of N.J., 879 F.2d 1186, 1193-94 (3d Cir.1989); Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987). However, when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994) (internal citation omitted) (Poulis analysis unnecessary when plaintiff willfully refused to prosecute her case after receiving adverse rulings). After carefully reviewing the record, we hold that this is such a case.

Sebrell was given ample notice that she needed to complete and return the required forms to the Marshals Service or her suit would be dismissed. Despite her dissatisfaction with the District Court's order changing the caption, the District Court's January 14, 2005, order presented Sebrell with the straightforward choice of completing the required forms or risking dismissal. Given the simplicity of this order, Sebrell must have understood the consequences of her decision not to comply. See Spain, 26 F.3d at 454-55. Nevertheless, instead of complying, Sebrell chose to repeat her previous objections.

In light of Sebrell's persistent refusal to cooperate so that her case could move forward, we see no alternative path that the District Court could have taken. See Guyer, 907 F.2d at 1430; Spain, 26 F.3d at 454-55. Sebrell willfully refused to comply with the District Court's order to complete and return the required forms. Sebrell's pleadings provide no indication that, had the District Court kept the case open indefinitely, Sebrell would have completed the forms. Indeed, Sebrell persists in arguing on appeal that the

District Attorney should be served, even though the District Attorney is not named as a

defendant in the complaint. Our review of the record convinces us that the District Court

did not abuse its discretion in dismissing Sebrell's case for failure to prosecute. See Link,

370 U.S. at 630-31. Accordingly, we will affirm the District Court's judgment entered on

June 13, 2005.[2]

---

[2]We decline to address Sebrell's arguments that the District Court's June 15, 2004, and January 14, 2005, orders were erroneous. Indeed, to the extent that Sebrell's refusal to comply with the District Court's order can be interpreted as an attempt to seek appellate review of the court's earlier orders, she cannot do so. See Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir. 1974) ("[i]f a litigant could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of the judge's interlocutory decision, the policy against piecemeal litigation and review would be severely weakened").