

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2006

# Dover v. DiGuglielmo

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3962

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Dover v. DiGuglielmo" (2006). *2006 Decisions.* Paper 1066.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1066

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3962
_____

CHARLES D. DOVER,

Appellant

v.

DAVID DIGUGLIELMO, WARDEN; SGT. CONWAY, CO.;
HALLIS, CO.; EVERS, CO.; GALLAWAY, CO.;
MCGRIER, SGT.; POLICE OFFICER HALL, CO.;
BECKWITH, CO.; TIEGET, CO.; MRS. DAY, LT.

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 04-cv-03378)
District Judge: Honorable Anita B. Brody

Submitted Under Third Circuit LAR 34.1(a)
MAY 18, 2006

Before:  SLOVITER, SMITH AND VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Filed May 22, 2006)
_____

OPINION
_____

PER CURIAM

Appellant Charles D. Dover, who is currently incarcerated at the State Correctional

Institution in Graterford, Pennsylvania ("SCI-Graterford"), filed this <u>pro</u> <u>se</u> civil rights

action under 42 U.S.C. § 1983, alleging that Defendants, who are Department of Corrections employees at SCI-Graterford, violated his constitutional rights. Dover's complaint alleges that Defendants assaulted Dover when he objected to their attempt to give him a cellmate.

Early in the proceedings, the District Court granted Dover's motion requesting the appointment of counsel and entered a scheduling order establishing March 14, 2005, as the discovery deadline. Several months later, Defendants moved to depose Dover pursuant to Federal Rule of Civil Procedure 30(a)(2). Dover objected to this motion on the basis that counsel had not yet been appointed to assist him during the deposition. The District Court extended the discovery deadline to June 30, 2005, stating that "if counsel has not been appointed for plaintiff and plaintiff has not otherwise retained counsel by June 1, 2005, then plaintiff must submit to a deposition without the assistance of counsel." See Scheduling Order entered February 17, 2005. The District Court denied Defendants' motion to depose Dover without prejudice to its renewal after June 1, 2005. On June 2, 2005, counsel still had not been appointed for Dover, and Defendants renewed their motion to depose him. Dover again objected, repeating his previous arguments. On June 16, 2005, the District Court granted Defendants' motion to depose Dover after giving proper notice, regardless whether counsel had been appointed by the time the deposition occurred.

On June 29, 2005, counsel for Defendants went to SCI-Graterford and attempted to depose Dover. During this attempt, Dover repeatedly stated that he was unable to answer

2

any questions without the assistance of counsel.  A telephone conference was held during which the District Judge explained to Dover that, although his counsel motion had been granted, the Clerk had been unable to find an attorney willing to represent him and that, because his case was civil rather than criminal, he was not entitled to counsel.  The District Judge further explained that Dover had to choose whether to try the case himself (which meant submitting to the deposition without counsel) or risk having his case dismissed.  The District Judge denied Dover's request for an extension of time for counsel to be located, explaining that one extension had already been granted for that purpose.  The District Judge also suggested to Dover that he might wish to try to answer the deposition questions, as this might be a better option than having his case dismissed.  At the conclusion of the telephone conference, Dover emphatically stated that he would not go forward with the deposition without counsel and that he understood that his case could be dismissed as a result.  One week later, Defendants moved for dismissal under Federal Rule of Civil Procedure 37(b)(2)(C), based on Dover's refusal to be deposed.  The District Court granted Defendants' motion and dismissed Dover's case with prejudice.[1]  Dover timely filed this appeal, again proceeding pro se.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  We have appellate jurisdiction under 28 U.S.C. § 1291.  Under Federal Rule of Civil Procedure 37(b)(2)(C), if a party "fails to obey an order to provide or permit discovery," a

---

[1]We note that the court could have also dismissed the case under Rule 41(b), as Dover's refusal to be deposed was, in effect, a failure to prosecute his case.

District Court may sanction the party by dismissing the action. Dismissal with prejudice is a drastic sanction, only to be used in "extreme" cases. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). Despite the extreme nature of this sanction, its imposition is an exercise of a district court's discretion and is, therefore, reviewed narrowly. Mindek v. Rigatti, 964 F2d 1369, 1373 (3d Cir. 1992).

Dover's refusal to undergo a deposition without the assistance of counsel apparently stemmed from both his anxiety about proceeding without counsel's assistance and his belief that he was entitled to counsel by virtue of the District Court's order granting his counsel motion. As the District Judge emphasized during the telephone conference, however, Dover was not entitled to counsel. Unlike a defendant who cannot afford counsel for his criminal case, an indigent litigant in a civil case, such as Dover's, has no statutory or constitutional right to counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). While a district court may *request* an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1) (emphasis added), a court cannot compel such representation. See Mallard v. United States District Court for the S. Dist. of Iowa, 490 U.S. 296, 310 (1989); Tabron, 6 F.3d at 153 n.1. After attempting for nearly four months to locate counsel willing to represent Dover, the District Court extended its deadline for finding counsel for several more months. As of June 1, 2005, the District Court had been unable to locate counsel to represent Dover, and there is no indication that another extension of time would have made a difference. The District Court was not required to stay the proceedings

4

indefinitely pending the appointment of counsel; indeed, such a stay can itself constitute an abuse of discretion.  See Landis v. North American Co., 299 U.S. 248, 255 (1936).

The District Court gave Dover ample notice that his case could be dismissed for failure to cooperate at the deposition.  Dover had a clear choice whether to answer the deposition questions or to risk have his case dismissed, and he chose the latter, thereby bringing his case to a standstill.  While we understand the basis for Dover's refusal, Defendants had a right to prepare their defense by deposing Dover.  See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  Given the impasse created by Dover's refusal, and with no foreseeable possibility that the circumstances would change, we cannot fault the District Court for dismissing Dover's case.[2]  See id.

Ordinarily, we have required a district court to conduct an analysis under Poulis v. State Farm Fire and Casualty, 747 F.2d 863 (3d Cir. 1984), prior to dismissing a case under Rule 37(b)(2)(C).[3]  See, e.g., Livera v. First National Bank of New Jersey, 879 F.2d

_____

[2]In his brief on appeal, Dover argues that the absence of counsel deprived him of his right to access the court.  In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court held that inmates must be afforded meaningful access to the courts under the First Amendment; however, access to the courts is not the equivalent of access to lawyers in civil cases.  See Knop v. Johnson, 977 F.2d 996, 1004 (6th Cir. 1992).

[3]In Poulis, we set forth six factors which a district court should weigh when determining whether to impose the sanction of dismissal:  (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) availability of alternative sanctions; and, (6) the meritoriousness of the claim.  See Poulis, 747 F.2d at 868.  Although a full analysis is unnecessary here, we note that the District Court's decision is consistent with the requirements of Poulis.

1186, 1194 (3d Cir. 1989). However, a <u>Poulis</u> analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal. <u>See</u> <u>Spain v. Gallegos</u>, 26 F.3d 439, 454-55 (3d Cir. 1994) (citing <u>Zagano v. Fordham Univ.</u>, 900 F2d 12,1 4 (2d Cir. 1990)); <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429-30 (3d Cir. 1990). <u>See</u> <u>also</u> <u>Mindek</u>, 964 F.2d at 1373 (<u>Poulis</u> did not provide a "magic formula" for determining whether dismissal is appropriate; rather, a dismissal decision must arise from the district court's extended contact with the litigant).

Although the District Court did not conduct an analysis under <u>Poulis</u>, we see no point in remanding the case for that purpose. <u>See</u> <u>Hicks</u>, 850 F.2d at 156. Unlike cases where the basis for a district court's judgment is unclear, here, the reason for dismissal is obvious on the record, and there are no obstacles to our performing our function of appellate review. <u>See</u>, <u>e.g.</u>, <u>Lieb v. Topstone Indus., Inc.</u>, 788 F.2d 151, 154 (3d Cir. 1986). The transcript of the telephone conference demonstrates that the District Judge patiently and repeatedly presented Dover with his options. We do not see that the District Court had any choice but dismissal under the circumstances and find no abuse of discretion in the District Court's dismissal of Dover's case.

Accordingly, we will affirm the District Court's judgment.