2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit



2-27-2009

# Nusbaum v. MBFG Ltd Partnership

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Nusbaum v. MBFG Ltd Partnership" (2009). *2009 Decisions.* Paper 1814.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1814

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2490
_____

DANIEL J. NUSBAUM,

                                    Appellant

v.

MBFG LTD. PARTNERSHIP,
D/B/A MONTEREY BAY FISH GROTTO

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:07-cv-01032)
District Judge: Honorable Nora B. Fischer

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 25, 2009
Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:February 27, 2009)
_____

OPINION
_____

PER CURIAM

Plaintiff Daniel J. Nusbaum appeals pro se from a March 31, 2008, District Court

order dismissing his case with prejudice, and an April 15, 2008, order denying

1

reconsideration. For the reasons that follow, we will vacate the District Court's orders and remand the matter for further proceedings.

## I. Background

Because we write solely for the benefit of the parties, we will set forth briefly only those facts necessary to our analysis.

In July 2007, Nusbaum initiated an employment discrimination suit against his former employer, MBFG Limited Partnership ("MBFG"). MBFG moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In a March 17, 2008, order, the District Court denied MBFG's motion to dismiss. It went on to state: "the Court further ORDERS that Plaintiff may file a second amended complaint by March 27, 2008, if he chooses to pursue his claims against said Defendant. Failure to comply with this Court's Orders, Policies, and Procedures can result in dismissal for failure to prosecute." Nusbaum did not file a second amended complaint. On March 31, 2008, the District Court dismissed the action with prejudice for failure to prosecute.

Nusbaum then filed a motion pursuant to Federal Rule of Civil Procedure 59(e), seeking reconsideration of the District Court's March 31 dismissal order. He explained that the March 17 denial of the motion to dismiss combined with the order's permissive language concerning amendment led him to believe that he could proceed with his action without filing a second amended complaint. On April 15, 2008, the District Court denied Nusbaum's motion, stating that the March 31, 2008, order is not ambiguous and that

2

Nusbaum should have filed a second amended complaint. Nusbaum then pursued a timely appeal to this Court.

## II. Analysis

A motion under Rule 59(e) is a "device to relitigate the original issue" decided by the District Court, and used to allege legal error. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003). A timely appeal from an order denying a Rule 59 motion brings up the underlying judgment for review. See Fed. R. App. P. 4(a)(4). We examine for abuse of discretion both the District Court's denial of Nusbaum's Rule 59(e) motion and the underlying dismissal with prejudice for failure to prosecute. See Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004); Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002).

A dismissal with prejudice is an extreme and drastic sanction, reserved only for appropriate cases. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984). Such a sanction is proper in limited circumstances, and any doubts should be resolved in favor of reaching a decision on the merits. Emerson, 296 F.3d at 190. In general, to determine whether the District Court abused its discretion in ordering a dismissal with prejudice, this Court is guided by the manner in which the District Court weighed the following considerations: (1) the party's personal responsibility; (2) prejudice to the adversary; (3) any history of dilatoriness; (4) whether the party's conduct was in bad faith; (5) the effectiveness of alternative sanctions; and (6) the merit

3

of the party's claim. <u>Poulis</u>, 747 F.2d at 868. Here, the District Court did not conduct any analysis of the <u>Poulis</u> factors prior to ordering dismissal with prejudice.

Appellees contend that the District Court properly declined to conduct such an analysis because this case presents one of the rare circumstances in which a litigant's conduct is so egregious that <u>Poulis</u> need not apply. <u>See</u> <u>Spain v. Gallegos</u>, 26 F.3d 439, 454-55 (3d Cir. 1994); <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429-30 (3d Cir. 1990). However, the District Court did not make such a determination, and we conclude that <u>Guyer</u> and <u>Spain</u> are inapposite. Nusbaum's conduct is not so extreme as to clearly suggest that he willfully intended to abandon the case, <u>see</u> <u>Spain</u>, 26 F.3d at 455, or so contumacious as to make adjudication of his case impossible, <u>see</u> <u>Guyer</u>, 907 F.2d at 1429-30.[1] The District Court should therefore have conducted an appropriate <u>Poulis</u> analysis.

---

[1] In his motion for reconsideration, Nusbaum explained his reason for failing to submit a second amended complaint: he interpreted the District Court's March 17, 2008, order to mean that he could choose to, but was not required to, file a second amended complaint. We note that the District Court's order is at least somewhat ambiguous, because the denial of MBFG's motion to dismiss indicates that the action survived Rule 12(b)(6), which, without further explanation, implies that Nusbaum would be permitted to proceed on his pleadings. This, coupled with the District Court's lack of specificity concerning any deficiencies that might require redress in an amended complaint, could plausibly lead to confusion. While this does not easily reconcile with the District Court's additional directive "that Plaintiff may file a second amended complaint . . . if he chooses to pursue his claims against said Defendant,"and Nusbaum would certainly have been better advised to seek clarification of the District Court's order if he indeed found it ambiguous, Nusbaum offered a reasonable explanation that does not indicate a willful decision to disobey a court order or to affirmatively abandon his claims.

4

This Court must determine whether the District Court properly balanced the Poulis factors and whether the record supports its findings.  See Livera v. First Nat. State Bank of New Jersey, 879 F.2d 1186, 1194 (3d Cir. 1989).  Because the District Court did not conduct a Poulis analysis, we are unable to do so.  We must therefore conclude that the District Court abused its discretion.  See id. at 1188.

Finally, Nusbaum filed a motion to supplement the District Court record pursuant to Federal Rule of Appellate Procedure 10(e), which permits this Court to correct a record in cases where a material item was omitted through "error or accident," to include his "right to sue" letter.  We see no need to add new material to the District Court record and will therefore deny the motion.

## III.  Conclusion

We conclude that the District Court abused its discretion by failing to conduct a Poulis analysis.  Accordingly, we will vacate the District Court's orders entered March 31, 2008, and April 15, 2008, and will remand this matter to the District Court for further proceedings consistent with this opinion.  We express no opinion as to whether dismissal may or may not ultimately be warranted under Poulis.  We will deny the motion to supplement the District Court record.