DLD-160                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4593
_____

EDWARD SEMULKA,
                                        Appellant

v.

MULTIPLE JOHN DOE, Allenwood FCI and BOP Correctional Officers to be identified
through discovery; MULTIPLE JANE DOE, Allenwood FCI and BOP correctional officers to be
identified through discovery; MULTIPLE JANE DOE, Allen FCI and BOP medical staff to be identified
through discovery; MULTIPLE JANE DOE, Allenwood FCI and BOP medical staff to be
identified through discovery; MULTIPLE JOHN DOE, Allenwood FCI and BOP administrative
staff to be identified through discovery; MULITPLE JANE DOE, Allenwood FCI and BOP
administrative staff to be identified through discovery; ALLENWOOD FCI MEDICAL
DIRECTOR DR. BRADY; ALLENWOOD FCI JOHN DOE inmates; ALLENWOOD FCI
ACTING WARDEN LARA; WARDEN JERRY MARTINEZ, Allenwood FCI;
STATE OF PENNSYLVANIA POLICA AND EMPLOYEES; MULTIPLE JOHN DOE AND
JANE DOE EMPLOYEES; STATE OF PENNSYLVANIA ATTORNEY GENERALS OFFICE;
MICHAEL FAGELLA, Washington County District Attorney; JOHN PETTIT, Washington
County District Attorney; JOE DOE AND JANE DOE WASHINGTON COUNTY AND
CANONSBURG BOROUGH PENNSYLVANIA EMPLOYEES, DETECTIVES AND
POLICE; ASSISTANT MIKE FURMAN; CCA CORRECTIONAL FACILITY IN OHIO
WHERE PLANTIFF WAS FIRST DESIGNATED; FEDERAL BUREAU OF PRISONS

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-01718)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 25, 2010

Before: FUENTES, JORDAN and HARDIMAN, <u>Circuit</u> <u>Judges</u>

_____

OPINION

_____

PER CURIAM

Appellant Edward Semulka appeals pro se from a District Court order dismissing his complaint for failure to prosecute under Fed. R. Civ. P. 41(b). For the following reasons, we will summarily vacate the District Court's order and remand for further proceedings.

## I.

On August 26, 2009, Semulka initiated this action by filing a complaint and a motion to proceed in forma pauperis ("IFP") in the Middle District of Pennsylvania. The District Court ordered that before it would rule on the IFP motion, Semulka must file an amended complaint in compliance with Federal Rule of Civil Procedure 8(a). Semulka requested, and was granted, two separate extensions of time to file an amended complaint. Semulka did not amend his complaint by the extended deadline of November 16, 2009. On December 3, 2009, the District Court deemed the action abandoned and dismissed the complaint pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order. Semulka filed a timely notice of appeal from that order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal for abuse of discretion. Guyer v. Beard, 907 F.2d 1424,

1429 (3d Cir. 1990). We may take summary action if the appeal presents no substantial question. 3d Cir. LAR 24.7; I.O.P. 10.6.

### III.

The District Court erred by failing to rule on Semulka's IFP motion before proceeding to the complaint. There is a two-step process in evaluating motions to proceed IFP under 28 U.S.C. § 1915. "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under § 1915(d) to determine whether it is frivolous." Roman v. Jeffes, 904 F.3d 192, 194 n.1 (3d Cir. 1990); see also Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995) (holding that the decision of whether to grant IFP should precede dismissal of a complaint). Thus, the District Court should have addressed Semulka's IFP motion in the first instance instead of holding it in abeyance pending amendment of the complaint.

The District Court also erred in dismissing Semulka's complaint sua sponte without addressing the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984). Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action sua sponte if a litigant fails to prosecute his case or to comply with a court order. Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). Before doing so, however, courts are required to consider all six of the Poulis factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." 747 F.2d at 868. We have repeatedly emphasized that sua sponte dismissal is "extreme" and therefore "must be a sanction of last, not first, resort." Poulis, 747 F.2d at 867-69; United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003) ("We have opined that [the Poulis factors] must be weighed by a district court in determining whether the harsh sanction of dismissal is justified"). Only in the rarest of circumstances, those demonstrating the most "contumacious" of conduct, may a district court dispense with the Poulis factors altogether. Guyer, 907 F.2d at 1429-30; see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).

Here, the District Court dismissed Semulka's complaint without balancing any of the Poulis factors or considering whether a lesser sanction would better serve the interests of justice. See Guyer, 907 F.2d at 1429-30. Nor did the court offer Semulka an opportunity to justify his inaction. See Ali v. Sims, 788 F.3d 954, 958 (3d Cir. 1986) (holding that the District Court's statement that a party had "brazenly ignored" its order was insufficient to justify dismissal).

Accordingly, we will summarily vacate the District Court's December 3, 2009, order and remand the case for further proceedings consistent with this opinion.