

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2007

# Jones v. NJ Bar Assn

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jones v. NJ Bar Assn" (2007). *2007 Decisions.* Paper 935.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/935

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4754
_____

DANIEL N. JONES, SR.,

Appellant

v.

THE STATE OF NEW JERSEY BAR ASSOCIATION; MERCER COUNTY BAR
ASSOCIATION
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-00658)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
MARCH 19, 2007
Before: BARRY, CHAGARES AND ROTH, CIRCUIT JUDGES

(Filed June 15, 2007)

_____

OPINION
_____

PER CURIAM

This is an appeal from the district court's dismissal of Daniel Jones' complaint

with prejudice. For the following reasons, we will affirm the district court's order.

On February 14, 2006, Jones initiated this action by filing a complaint.[1]  On August 10, the district court dismissed the complaint without prejudice for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  The court directed Jones to file an amended complaint by September 10 or the matter would be dismissed with prejudice.  Jones failed to file the amended complaint.  On October 17 (well after the imposed deadline), the district court dismissed Jones' complaint with prejudice for want of prosecution.  Jones filed a timely notice of appeal from that order.

The district court's dismissal of Jones' suit was entirely appropriate.  A district court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b).  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties.  See Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992).  Ordinarily a district court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), when deciding, sua sponte, to use dismissal as a sanction.  When a litigant's conduct makes adjudication of the case impossible, however, such balancing under Poulis is unnecessary.  See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).  We find that this is such

---

[1] Jones filed his complaint pro se.  The district court granted him in forma pauperis status.  The complaint itself—as well as the remainder of Jones' filings with the district court and with this court—is essentially indecipherable.

a case as Jones' initial filing provided no basis for the district court to proceed with his case nor for an opposing party to respond to his allegations. Jones then failed to comply with an explicit order to make his allegations plain by filing an amended complaint. Such facts warranted the sanction of the district court's dismissal.

For these reasons, we will affirm the district court order dismissing Jones' complaint. Jones' motion for appointment of counsel is denied.