**DLD-179**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3930
_____

BOBBY L. LYNN

v.

POLICE OFFICER JOHN TUCCI, LOWER MERION POLICE DEPARTMENT;
POLICE OFFICER CAMERON PARKER, PA. 0461400, EMPLOYED AT
LOWER MERION TOWNSHIP POLICE DEPARTMENT;
LOWER MERION POLICE DEPARTMENT

Bobby Lee Lynn,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 08-cv-01759)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 29, 2010

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges

(Opinion filed: May 11, 2010)
_____

OPINION
_____

PER CURIAM.

Bobby Lee Lynn appeals the District Court's dismissal of his suit with prejudice for failure to comply with a court order. For the reasons that follow, we will vacate the order of dismissal and remand for further proceedings.

I.

Lynn, a Pennsylvania inmate, commenced this action in April 2008 by filing an application for leave to proceed in forma pauperis (IFP). As the District Court noted in an order dismissing the IFP application without prejudice, Lynn apparently "seeks to proceed [IFP] with a civil rights action against several police officers employed by the Lower Merion Township Police Department. Specifically [Lynn] complains that he was illegally arrested on December 24, 2007." 8/14/08 Memorandum Order at 1 (docket # 7).

After Lynn expressed a desire to proceed with the action, the District Court granted leave to proceed IFP. The District Court thereafter entered an order directing Lynn to file a Complaint. The District Court found that Lynn's submissions on file with the court did not constitute a formal Complaint, and that Lynn must file a Complaint "to properly and correctly institute this civil action." 2/20/09 Order at 1 (docket # 13).

On September 9, 2009, the District Court entered a summary order dismissing the action sua sponte and with prejudice, noting that Lynn had failed to file a Complaint as required by the court's order. Lynn timely filed this appeal.

II.

Lynn has been granted leave to proceed IFP on appeal. We have appellate

2

jurisdiction under 28 U.S.C. § 1291. The dismissal of Lynn's suit for failure to comply a court order is reviewed for abuse of discretion. See Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). The parties were advised that this Court might take summary action on appeal, and they were afforded an opportunity to respond. See 3d Cir. L.A.R. 24.7; I.O.P. 10.6. Summary action is appropriate when "no substantial question is presented." Id.

We conclude that the District Court abused its discretion by dismissing Lynn's suit without addressing the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984). A district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). But a district court must first consider the six "Poulis factors" before so dismissing the action. United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003). Those factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868. A sua sponte dismissal under Rule 41(b) is considered "extreme" and "must be a sanction of last, not first, resort." Poulis, 747 F.2d at 867-69. Only in rare circumstances, such as those demonstrating "contumacious" conduct, may a district court

3

dispense with the Poulis factors altogether. Guyer, 907 F.2d at 1429-30; see Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).

Here, the District Court dismissed Lynn's suit with prejudice without mentioning, much less considering, the Poulis factors, and it did not consider whether a lesser sanction would better serve the interests of justice. See Guyer, 907 F.2d at 1429-30. The District Court also failed to afford Lynn an opportunity to explain his failure to comply with the order requiring that he file a more formal complaint. See Ali v. Sims, 788 F.2d 954, 958 (3d Cir. 1986) (district court finding that party had "brazenly ignored" order was insufficient to justify dismissal of the action).

III.

For the foregoing reasons, we will summarily vacate the District Court's September 9, 2009, order and remand this matter for further proceedings consistent with this opinion.

4