CLD-187                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1445
_____

D'RAYFIELD KARY KHAME SHIPMAN,

Appellant

v.

STATE OF DELAWARE; HAROLD STAFFORD;
W. THOMAS MACPHERSON; YVONNE MARSHALL;
LAVINIA MCGINTY; SHERRY ECKEARD; FRAN LALLY;
MIKE BEGATTO; LOCAL 2038 AFSCME

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 05-cv-00665)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 6, 2010

Before:  BARRY, FISHER and COWEN, <u>Circuit</u> <u>Judges</u>.

(Filed: May 25, 2010)
_____

OPINION
_____

PER CURIAM

In September 2005, D'Rayfield Kary Khame Shipman filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging that he was discriminated against on the basis of race, color, and sex when he was terminated from his job with the Delaware Department of Labor. He named as defendants the State of Delaware ("the State"), the American Federation of State, County, and Municipal Employees Local 2038 ("the Union"), and individuals employed by those entities ("the Individual Defendants"). The District Court granted motions to dismiss filed by the Union and the Individual Defendants, holding that Shipman failed to state a claim against the Union and that the Individual Defendants could not be held liable under Title VII.[1] Later, the District Court granted the State's motion to dismiss based on Shipman's failure to prosecute. Shipman appealed.

Title VII prohibits unlawful employment practices by employers. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Indeed, "Congress did not intend to hold individual employees liable under Title VII." Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc). Because Shipman was employed by the State, not by any of the Individual Defendants, the District Court properly granted their motions to dismiss. Unlike individual employees, "a union may be held liable under

_____

[1]The District Court also denied Shipman's motion to transfer venue and his motion for appointment of counsel. To the extent Shipman seeks to challenge these denials, we conclude that the District Court did not abuse its discretion.

2

Title VII." Anjelino v. New York Times Co., 200 F.3d 73, 95 (3d Cir. 1999). In this case, however, Shipman did not claim that the Union "*itself* instigated or actively supported" the alleged discrimination. Id. Instead, Shipman contended that Union employees were "in collusion with management" and "failed to assist" when he sought help. Thus, we agree that Shipman's claims against the Union cannot survive a motion to dismiss. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

In October 2008, the last remaining defendant, the State, propounded interrogatories to Shipman and filed a request for production of documents. The State also noticed Shipman's deposition for November 6, 2008. Shipman informed the State that he would not attend the deposition and filed a request for additional time to complete discovery. The District Court granted that request, imposed a discovery deadline of March 23, 2009, and noted that failure to comply with deadlines would result in dismissal of the case. The State re-noticed Shipman's deposition for March 20, 2009, but he failed to appear at the scheduled time. On April 17, 2009, the State filed a motion to dismiss, alleging that Shipman had not complied with court orders and the Federal Rules of Civil Procedure. The District Court ordered Shipman to show cause why the case should not be dismissed. In response, the only justification Shipman provided was that he had "complied with all directions of the Clerk of the Court and/or Orders from the [C]ourt." The District Court granted the motion to dismiss.

A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash R.R. Co., 370 U. S. 626, 630-31 (1962). When using dismissal as a sanction, a District Court is ordinarily required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984). But when a litigant's conduct makes adjudication of the case impossible, such balancing under Poulis is unnecessary. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994). In this case, Shipman was afforded additional time to complete discovery, but thereafter failed to participate in the discovery process. He did not respond to requests for interrogatories and production of documents, and he failed to appear for scheduled depositions. Shipman offered no response to the State's motion to dismiss for failure to prosecute. The District Court provided Shipman with an opportunity to explain his failure to participate in the discovery process, but his response contained no explanation for his inaction. Although the District Court did not make explicit findings concerning the Poulis factors, we conclude that, under these circumstances, dismissal for failure to prosecute was warranted.

Because we conclude that this appeal presents no substantial question, we will summarily affirm. See Third Cir. LAR 27.4; I.O.P. 10.6.

4