**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3355
_____

ASSEM A. ABULKHAIR,
                                        Appellant

v.

NEW CENTURY FINANCIAL SERVICES, INC.;
PRESSLER & PRESSLER, LLP; GERARD J. FELT, ESQ.;
LAWRENCE J. MCDERMOTT, ESQ.

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:10-cv-06161)
District Judge:  Honorable Jose L. Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 15, 2012

Before: AMBRO, FISHER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed: March 15, 2012)
_____

OPINION
_____

PER CURIAM

Assem Abulkhair, proceeding pro se, appeals from the District Court's dismissal of his complaint. For the reasons that follow, we will affirm.

I.

In November 2010, Abulkhair filed a pro se complaint in the District Court against New Century Financial Services, Inc. ("New Century"), the law firm Pressler & Pressler, LLP ("Pressler"), and Pressler attorneys Gerard Felt and Lawrence McDermott (hereinafter collectively referred to as "Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. In February 2011, Mitchell Williamson, a Pressler attorney, entered his appearance on behalf of New Century, Pressler, and Felt, and filed answers to the complaint on their behalf. In May 2011, Abulkhair filed a "Notice of Motion to Dismiss Defendants' Answers," arguing that, because Williamson was "a member of the corporation being sued," the answers "must be stricken from the record, dismissed and a default should be entered." Shortly thereafter, Williamson entered his appearance on behalf of McDermott.

On June 14, 2011, Abulkhair filed a letter indicating that he had not propounded or responded to any discovery – the discovery period was set to expire on June 28, 2011 – and that he could not do so until the court decided his motion.

On June 28, 2011, McDermott moved to dismiss the vast majority of the complaint (Count 1, part of Count 2, and Counts 3 through 10) pursuant to Fed. R. Civ. P. 12(b)(6), and requested a more definite statement as to the balance of the complaint (the remaining part of Count 2). On July 6, 2011, Abulkhair filed another letter, maintaining that he could not oppose McDermott's motion until his own motion was decided. A few days later, the other defendants joined McDermott's motion.

On August 8, 2011, the District Court, construing Abulkhair's motion as a request to disqualify Williamson as counsel, entered an order denying that relief. In that same order, the court afforded Abulkhair ten days to respond to Defendants' motion to dismiss, and stated that "[f]ailure to submit timely opposition will result in immediate dismissal of Plaintiff's complaint upon letter application of Defendants." (Dist. Ct. Op. & Order entered Aug. 8, 2011, at 3.) Eleven days later, Defendants filed a letter motion seeking dismissal of the complaint, averring that "we have received no opposition or any other correspondence regarding the pending Motion[] to Dismiss nor have any papers been reported as filed by the Plaintiff via the ECF system." On August 21, 2011, the court issued a handwritten order – the handwriting was made on a copy of Defendants' letter motion – stating

3

that "Plaintiff's complaint is hereby dismissed with prejudice."[1] (Dist. Ct. Order entered Aug. 24, 2011.) This appeal followed.[2]

## II.

The District Court's handwritten order does not articulate the basis for its dismissal of Abulkhair's complaint. Defendants interpret the dismissal as being based on Abulkhair's conduct in the District Court proceedings (rather than on the merits of his complaint). This appears to be the most plausible interpretation of the court's order, particularly given that (1) Defendants' Rule 12(b)(6) motion had not sought to dismiss Abulkhair's complaint *in its entirety*, and (2) the court never made any findings or conclusions as to the merits of the complaint.

Under Fed. R. Civ. P. 41(b), a district court may dismiss an action – either sua sponte or upon a motion – if a plaintiff fails to prosecute his case or comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962). Prior to such a dismissal, a district court ordinarily must balance the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Where, however, a plaintiff refuses to proceed with his case or otherwise makes adjudication of his case impossible, a balancing of the Poulis factors is not

---

[1] Although signed on August 21, 2011, the court's handwritten order was not formally entered until August 24, 2011.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

necessary. See Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994); Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990). We review the dismissal of an action under Rule 41(b) for abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).

In this case, Abulkhair repeatedly impeded his case from moving forward. While his motion to disqualify was pending, Abulkhair refused to participate in discovery or respond to Defendants' motion to dismiss. Although he claimed that he could not proceed until the court ruled on his motion to disqualify, that argument is baseless. Once his motion to disqualify was adjudicated, the court warned him that his failure to timely respond to Defendants' motion to dismiss would subject his complaint to immediate dismissal. Despite this warning, Abulkhair did not comply with the court's order.

Given these circumstances, we conclude that, although the District Court did not appear to weigh the Poulis factors, it did not abuse its discretion in dismissing Abulkhair's complaint. Although Abulkhair appears to claim that he did not receive a copy of the court's August 8, 2011 order warning him of the possibility of dismissal until August 22, 2011 – the day *after* the court signed the order of dismissal – this claim does not affect our determination of whether the District Court acted within its discretion. The District Court may, however, wish to

5

consider whether this claim provides a basis for reopening this matter pursuant to Fed. R. Civ. P. 60(b).

We have considered Abulkhair's remaining arguments and conclude that they lack merit.[3] Accordingly, we will affirm the District Court's order dismissing his complaint.

---

[3] To the extent Abulkhair challenges the District Court's denial of his motion to disqualify Williamson, we conclude that, for substantially the reasons provided in its August 8, 2011 order, the court did not abuse its discretion in denying that motion. See Lazy Oil Co. v. Witco Corp., 166 F.3d 581, 588 (3d Cir. 1999) (reviewing denial of a motion to disqualify counsel for abuse of discretion).