**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1371
_____

BARBARA A. GRIFFIN,
                                                    Appellant

v.

U.S. POSTAL SERVICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-01871)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2012

Before:  CHAGARES, VANASKIE and BARRY, Circuit Judges

(Opinion filed: May 8, 2012)
_____

OPINION
_____

PER CURIAM

It appears from her complaint and the accompanying documents that Barbara

Griffin was hired in the 1980s to work as a "manual clerk" in the United States Postal

Service ("USPS").  About twenty years into Griffin's employment, USPS directed her to

begin "working the letter sorting machines on the evening shift."  Griffin felt this new

position was incompatible with her disability. On the advice of her labor union, Griffin stopped reporting to work and requested that USPS provide her with a "light duty" position. Because no such position was available, Griffin's union advised her to seek unemployment compensation. The State of New Jersey denied Griffin's application for unemployment benefits because she left USPS voluntarily and without documentation that her job "either caused or aggravated [her] medical condition."

In April 2011, Griffin, proceeding *pro se* but not *in forma pauperis*, filed suit against USPS in federal court. The complaint contained two allegations: (1) "When the Post Office told the union to tell the employees to go home if they could not comply that was out of line"; and (2) "I had a bid job that I was removed from and was to request a light duty position, knowing there weren't any L.D. positions available." For relief Griffin demanded "reinstatement" and "backpay." Griffin paid the required filing fee and was provided with a summons to fill out and serve on USPS. While it appears from tracking information provided to the District Court that Griffin mailed *something* to USPS in July 2011, it is not clear that it was her complaint and summons.

The next entry on the District Court's docket is a January 6, 2012 order of the Clerk, titled "NOTICE OF CALL FOR DISMISSAL PURSUANT TO LOCAL RULE 41.1(a)." The order explained that, since it had "been pending for more than 120 days without any proceeding having been taken therein," Griffin's lawsuit would "be dismissed on 1/12/2012 AT 10:00 A.M. unless good cause is shown with the filing of an affidavit before the return date." The order explained further that "[i]f said affidavit has

2

not been filed before the return date, counsel are <u>required</u> to appear before the Court, to show good cause why this action should not be dismissed for lack of prosecution."

Griffin did not comply with the Clerk's order, and her suit was dismissed without prejudice by the District Court on January 24, 2012. The following day, Griffin submitted essentially three versions of the same letter (one typed, one hand-written, and one a combination of both) to the District Court. She did not acknowledge that her case had been dismissed. Instead, she stated that she had returned to work with USPS in September 2011. Despite getting her job back, Griffin made clear that her "wish is to be made whole," which, she explained, meant that USPS should compensate her for "All wages lost," "All annual," and "All holidays." She also asked that her "401k [be] brought up to par." Two weeks after submitting the letter to the District Court, Griffin filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. <u>See</u> <u>Wynder v. McMahon</u>, 360 F.3d 73, 76 (2d Cir. 2004) ("We have jurisdiction to consider [a challenge to a Rule 41(b) dismissal] because a dismissal without prejudice that does not give leave to amend and closes the case is a final, appealable order . . . ."). We review for abuse of discretion a District Court's dismissal under Fed. R. Civ. P. 41(b) or, as was the case here, one of its local counterparts. <u>See</u> <u>Doe v. Megless</u>, 654 F.3d 404, 411 (3d Cir. 2011).

We will uphold the District Court's decision on the ground that Griffin "refused to proceed in accordance with the District Court's orders." <u>Id.</u> at 411; cf. <u>Guyer v. Beard</u>, 907 F.2d 1424, 1430 (3d Cir. 1990) ("[Plaintiff's] position made adjudication of the case

3

impossible.  Therefore, any lesser sanction would not have furthered the interests of justice.").  The District Court's docket reveals that Griffin made no effort to prosecute her case between the time she filed her complaint and the date her case was dismissed, a span of almost ten months.  In Griffin's *pro se* brief she states that she "was not aware of the fact that after winning my case I was suppose[d] to notify the courts."  Griffin does not explain what case she "won" and we thus fail to grasp the significance of her statement.

In any event, Griffin does not claim that she never received the January 6, 2012 order of the District Court Clerk, which should have put her on notice that her lawsuit was in jeopardy of being dismissed.  Griffin did not file an affidavit with the District Court in order to excuse her failure to prosecute, nor did she appear before the District Court on January 12, 2012, to do so.  See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) ("[A] pro se plaintiff is responsible for his failure to attend a pretrial conference or otherwise comply with a court's orders.").  There is also no clear evidence that Griffin ever served her complaint on USPS.

Given these particular facts, it was not an abuse of discretion for the District Court to dismiss Griffin's case without prejudice for failure to prosecute.  Accordingly, the judgment of the District Court will be affirmed.

4