**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4774
_____

LIONEL LAWRENCE,

Appellant

v.

MICHAEL NUTTER, MAYOR OF PHILADELPHIA; LOUIS GIORLA,
COMMISSIONER OF PHILADELPHIA PRISON SYSTEM; JOHN DELANEY,
WARDEN CURRAN FROMHOLD CORRECTIONAL FACILITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-04293)
District Judge:  Honorable Norma L. Shapiro
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 2, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Opinion filed: June 30, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

Lionel Lawrence appeals pro se from the District Court's order dismissing his 42 U.S.C. § 1983 action. For the following reasons, we will vacate the District Court's judgment and remand for further proceedings.

I.

Lawrence, currently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania, brought a civil rights complaint alleging constitutional violations arising from overcrowding in the Philadelphia Prison System (PPS), where he was held for seven months as a pretrial detainee. He alleged that overcrowding caused unsanitary and cramped living conditions which, in combination with inadequate staffing, led to increased levels of illness and violence. He named as defendants the Mayor of Philadelphia, the Commissioner of the PPS, and the Warden of the facility where he was detained, seeking compensatory and punitive damages.

Lawrence's action was one of roughly 700 that were consolidated into the PPS Overcrowding Cases, where the sole defendant was the City of Philadelphia. As part of that litigation, he was represented by counsel. In December 2013, the City of Philadelphia reached a settlement agreement with the plaintiffs' counsel, but Lawrence rejected it and chose to pursue his claims individually. In April 2014, the attorney withdrew from Lawrence's case. The defendants filed a motion to dismiss on July 15, 2014. Lawrence did not file a response, and on November 5, 2014, the District Court instructed him to do so by November 25, 2014, advising him that, if he did not, his claims

_____

constitute binding precedent.

2

would be dismissed. Lawrence did not submit a response, but – within that time period – he informed the District Court of his settlement terms. The District Court dismissed Lawrence's claims as unopposed. See Fed. R. Civ. P. 41(b). Lawrence appealed, and a briefing schedule was issued. Lawrence's opening brief asserted the same allegations as his original complaint but stated in addition that "I just didn't have my unopposed order in on time[.] I need more time for [an] extension order." He has also, on appeal, submitted a letter entitled "Injunction" that appears to request a change in the conditions of confinement in the PPS facility where he was held.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal of his complaint as a sanction is for abuse of discretion. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Because Lawrence is proceeding pro se, we construe his pleadings liberally. See United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999).

## III.

The District Court abused its discretion by dismissing Lawrence's suit without addressing the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). A district court may dismiss an action sua sponte if a litigant fails to prosecute a case or to comply with a court order. Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). But a district court must first consider the six "Poulis factors" before so dismissing the action. In re Asbestos Prods.

3

Liability Litigation (No. VI), 718 f.3d 236. 246-48 (3d Cir 2013). United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003). Those factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868. A sua sponte dismissal under Rule 41(b) is considered "extreme" and "must be a sanction of last, not first, resort." Id. at 867-69. Only in rare circumstances, such as those demonstrating "contumacious" conduct not present here, may a district court dispense with the Poulis factors altogether. Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990); see Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994).

Here, the District Court dismissed Lawrence's suit with prejudice without mentioning, let alone considering, the Poulis factors, and it did not consider whether a lesser sanction would better serve the interests of justice. See Guyer, 907 F.2d at 1430. Indeed, it was apparent that Lawrence intended to proceed with his case, given his November 14, 2014, submission stating that, absent a favorable settlement, he wished to proceed to a jury trial. Because Lawrence submitted that settlement advisory during the period in which he was ordered to file his response to the motion for dismissal, he may well have intended it as a "response" and an effort to obey the District Court's order,

4

thereby continuing his action. In any event, we conclude that the District Court erred when it dismissed Lawrence's complaint without considering the Poulis factors.

To their credit, the appellees do not defend the District Court's dismissal without consideration of the Poulis factors. Instead, they argue in the alternative that Lawrence's complaint should be construed as suing them as individuals in their personal – as opposed to official – capacities and that the complaint therefore must fail as a matter of law because Lawrence's complaint did not allege the personal involvement necessary for a viable § 1983 claim. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). While we need not, and do not, definitively construe Lawrence's complaint here, we note that, by focusing on the systemic and extreme nature of the conditions he was subject to as a pretrial detainee, he may have been attempting to establish supervisory involvement in the constitutional violations he claimed to have suffered. See, e.g., Barkes v. First Corr. Med. Inc., 766 F.3d 307, 330 (3d Cir. 2014).

For that matter, we note that some uncertainty exists as to the parties Lawrence intended to sue. Although Lawrence's complaint named only individual defendants, including the Commissioner of the PPS and the Warden of the facility where Lawrence was held, it described defendant Michael Nutter, Mayor of Philadelphia, as "a municipality." Further, Lawrence's case was consolidated with roughly 700 others into an action in which the City of Philadelphia was the sole defendant. As it stands now, it is unclear whether, in addition to the Commissioner and the Warden, Lawrence's intended defendant is Mayor Nutter, the City of Philadelphia, or both. Any uncertainty in that

5

regard, as well as to the scope and nature of Lawrence's allegations, can be worked out in the District Court, which of course, shall freely allow amendment of the complaint, if necessary.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108-09 (3d Cir. 2002).

IV.

For the foregoing reasons, we will vacate the judgment of the District Court and remand for further proceedings.  Lawrence's request for injunctive relief is denied without prejudice to renewal in the District Court if that remains appropriate.