**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2018
_____

KEVIN L. DICKENS,
                          Appellant

v.

COMM. CARL C. DANBERG; DEPUTY COMMISSIONER THOMAS CARROLL;
BUREAU CHIEF RICK KEARNEY; WARDEN PERRY PHELPS; DEPUTY
WARDEN PIERCE; DEPUTY WARDEN KLEIN; MAJOR JAMES SCARBOROUGH;
MAJOR MICHAEL COSTELLO; CAPT RISPOLI; CAPTAIN GUY FOWLER;
CAPTAIN CARL HAZZARD; LT. RAMON TAYLOR, Staff Lieutenant; LT. KAREN
HAWKINS, Staff Lieutenant; LT. WILLEY, Staff Lieutenant; STAFF LT. LARRY
SAVAGE; S/LT. THOMAS SEACORD; LT. JAMES SATTERFIELD; LT. PAUL
HARVEY; LT. SMITH; LT. STANLEY BAYNARD; LT. JOHN SALAS; SGT.
WILFRED BECKLES; SGT. STANFORD HENRY; LT. FURMAN; MIKE LITTLE,
Legal Administrator; BRIAN D. ENGREM, Paralegal; CPL. FRANK KROMKA; CPL.
MATTHEW DUTTON; CPL. LISE M. MERSON; STAFF LIEUTENANT RANDALL
DOTSON; SGT. ROY FORAKER; LT. ERICK BAYNE; SGT. JASON COVIELLO;
C/O MARK WILLIAMS; SGT. GWEN EVERETTE; C/O NICHOLAS MOHR; C/O
DELLA BOONE; C/O DAYNENE SCOTT; SGT. BOBBIE MONTGOMERY;
I A MCGEE, Internal Affairs Officer; I A LESTER BONEY; SGT. MCGINNIS; C/O
REBECA WHITE, Captain; C/O THOMAS KEEFER; C/O WEBER; SGT. ANGELINA
DEALLIE; LT. CHRIS CESSNA, Staff Lieutenant; LT. SENNETT; C/O CHARLES
STEVENS; C/O GREG TURNER; C/O WILLIAM MORRIS; CPL. PARSONS; SGT.
STEVE FLOYD; LT. DAUM; LT. MICHAEL TRADER; SGT. ORLANDO DEJESUS;
CHRIS SENATO, Food Service Director; PAUL SUROWICZ, Guard;
CORRECTIONAL MEDICAL SERVICES HEALTH CONTRACTOR; DR. BROWN;
DR. DRESORO; NURSE BETTY BRYANT; SGT. MICHAEL BRYAN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.Del. No. 1-10-cv-00786)
District Judge: Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 22, 2017

Before:  SHWARTZ, NYGAARD, and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed: June 28, 2017)
_____

OPINION[*]
_____

PER CURIAM

Kevin L. Dickens appeals pro se from the District Court's dismissal of his complaint with prejudice for failure to prosecute.  We will summarily affirm because no substantial question is presented by this appeal.

In 2010, Dickens, a prisoner at the James T. Vaughn Correctional Center, filed a civil rights complaint in the United States District Court for the District of Delaware against numerous prison officials.  By order entered June 8, 2012, the District Court sua sponte dismissed many of the claims on the ground that they were time-barred, were premised on a theory of respondeat superior, or were frivolous.  The defendants moved to sever Dickens' remaining claims.  Dickens did not respond to that motion.  On September 30, 2014, the defendants filed their answer.  By order entered March 13, 2015, the District Court denied the motion to sever and ordered Dickens to show cause why two of the defendants should not be dismissed for failure to serve them within 120 days as

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

required under Federal Rule of Civil Procedure 4(m).  Dickens responded to the show cause order on May 4, 2015.  On August 10, 2015, the District Court dismissed the two defendants because Dickens failed to properly serve them.[1]  On December 9, 2015, the District Court entered a scheduling order stating that discovery should be completed by July 11, 2016, and that summary judgment motions should be filed by August 11, 2016.  Dickens conducted no discovery.  On July 13, 2016, the remaining defendants filed a motion to dismiss for failure to prosecute, noting that Dickens "has conducted no discovery during the eight-month discovery timeframe and . . . has not filed anything in this matter since May of 2015."  By order entered March 23, 2017, the District Court granted the motion to dismiss after weighing the factors of Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  Dickens filed a motion for reconsideration, which the District Court denied.  Dickens appealed.

We have jurisdiction under 28 U.S.C. § 1291, and review the District Court's decision for abuse of discretion.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Prior to determining that dismissal is an appropriate sanction, a district court must balance the following six factors:  "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

---

[1] Earlier, on March 17, 2014, the District Court dismissed one of the defendants without prejudice based on Dickens' failure to serve process under Rule 4(m).

entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim."[2]

Poulis, 747 F.2d at 868.  Not all of these factors must be satisfied in order to justify dismissal, Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003), and no single factor is determinative, see Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  We recognize, however, that dismissal under Rule 41(b) is appropriate only in limited circumstances and that doubts should be resolved in favor of reaching a decision on the merits.  Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

The District Court properly balanced the Poulis factors here.  First, the responsibility for Dickens' failure to participate in the litigation falls on him, as he proceeded pro se.  See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . .").  Second, the defendants were prejudiced because Dickens' failure to participate in discovery frustrated their ability to prepare a defense.  See Ware, 322 F.3d at 222.  Third, Dickens had a history of dilatoriness, as demonstrated by his failure to serve some of the defendants, his

---

[2] Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the Poulis factors is not necessary.  See Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994); Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990).  We conclude that Dickens' conduct does not fall into these categories.  Notably, in a motion for reconsideration that he filed after his notice of appeal, Dickens explained that he had difficulty serving some of the defendants and that as a pro se litigant he is "in no position to conduct meaningful discovery."

failure to respond to the defendants' motions (including their motion to dismiss), and his failure to take any action in the case since May 2015.  Fourth, the record supports the District Court's finding that Dickens' failure to participate was willful because "[o]nly he can take steps to prosecute the case."  Fifth, the District Court properly found that it could not consider monetary sanctions as an alternative to dismissal, because Dickens was proceeding in forma pauperis.  Finally, because no discovery had been conducted, the District Court concluded that the sixth factor (meritoriousness of the claim) was neutral.[3]

For the foregoing reasons, we conclude that the District Court did not abuse its discretion in granting the defendants' motion to dismiss.  See Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989) (stating that "[i]t is the function of the appellate court to determine if the court properly balanced the Poulis factors and whether the record supports its findings."); see also Poulis, 747 F.2d at 870 ("[u]nder these circumstances, although we might not have reached the same result as did this district court judge, we cannot say that the district court abused its discretion in ordering the dismissal.").  Accordingly, we will affirm the judgment of the District Court.

---

[3] In examining this factor, the District Court did not consider its earlier sua sponte dismissal of several of Dickens' claims, which would weigh in favor of dismissal.  Cf. Briscoe, 538 F.3d at 263 (holding that, under Poulis analysis, claims that survived summary judgment stage of litigation are deemed to have merit).