**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2551
_____

YANILDA A. TORO,
                              Appellant

v.

N.J. STATE COURTS JUDGE;
OFFICER GEORGE ALLARD, Union County Officer
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:20-cv-02589)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2022

Before: RESTREPO, PHIPPS and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 17, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Yanilda Toro, proceeding pro se, appeals from an order dismissing her case for lack of prosecution. For the reasons discussed below, we will affirm.

I.

Toro filed this action in 2020 against a New Jersey state court judge and a Union County, New Jersey, police officer. Her allegations revolved around an altercation with police in 2007 or 2008 that seemingly resulted in her arrest and subsequent criminal prosecution. She sought $20 billion in damages. In the months after Toro filed her complaint, she filed several letters with the District Court seeking to add claims and parties to the action and requesting that her case be consolidated with others she had filed. In October 2020, the District Court denied Toro's request for consolidation but provided her with 30 days to submit an amended complaint including all claims and parties.

Toro did not file an amended complaint, and the District Court issued a notice of call for dismissal after the action had been pending for more than 90 days with no action being taken. Toro was afforded 14 days to demonstrate good cause as to why her case should not be dismissed, but she did not respond. The District Court entered an order on February 16, 2021, dismissing the case without prejudice pursuant to District of New Jersey Local Civil Rule 41.1(a). Toro appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004) (noting that a dismissal without prejudice for failure to prosecute "that does not give leave to amend and closes the case is a final, appealable

2

order under [§ 1291]"). We review a district court's order dismissing a case for failure to prosecute for abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).

### III.

In her brief, Toro largely reiterates the allegations made in her complaint, but she does not address the District Court's dismissal of her case for failure to prosecute. We therefore deem forfeited any challenge to that ruling. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (deeming forfeited arguments that were not developed in the appellants' opening brief); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Even if Toro had preserved such a challenge, however, we discern no abuse of discretion in the District Court's decision.

While district courts are generally required to balance the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), in deciding whether dismissal with prejudice is appropriate, the District Court here dismissed Toro's claims *without* prejudice. And even assuming Poulis applies here, balancing of the factors set forth therein is unnecessary when a litigant's conduct makes adjudication of the case impossible. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990). We are satisfied that this is such a case. Namely, Toro did not file an amended complaint despite being directed to do so by the District Court, and it appears that she failed to update her address of record. The District Court sought to reach Toro after her case lay dormant for months, but she did not respond, and her mail was returned as undeliverable.

3

Under these circumstances, the District Court did not err in dismissing Toro's action. See In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d Cir. 1996) (stating that when plaintiffs failed to replead after being directed to do so, "it is difficult to conceive of what other course the court could have followed" apart from dismissing the complaint (citation and quotation marks omitted)); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam) (affirming dismissal for lack of prosecution where litigant failed to update address and noting that "[a]n order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail").[1]

Accordingly, we will affirm the judgment of the District Court.[2]

---

[1] In her brief, Toro argues that her case should be consolidated with another action filed in the District Court in which she raised essentially the same allegations as those at issue here. However, Toro filed that action after this case was closed, and it has also since been closed due to her failure to pay the filing fee or move to proceed in forma pauperis. To the extent that Toro requests, in her response to the Appellee's non-participation letter, a default judgment in her favor, that request is denied.

[2] Toro's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).