**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4484
_____

JASON COLLURA,
                              Appellant

v.

NICHOLAS JAMES FORD; PAMELA PRYOR DEMBE;
MARY POLITANO; CITY OF PHILADELPHIA;
STEFFEN BOYD; STEVEN AUSTIN; CHARLES HOYT;
ROBERT J. MALVESUTO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-04066)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2015
Before:  AMBRO, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 14, 2016 )
_____

OPINION[*]
_____

PER CURIAM

        In July 2013, Jason Collura filed in the District Court a complaint pursuant to

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

42 U.S.C. § 1983, naming as Defendants the Honorable Pamela P. Dembe, of the Court of Common Pleas of Philadelphia County, and several employees of the First Judicial District of Pennsylvania's Probation and Parole Department (the "Individual Defendants"). Collura also named the City of Philadelphia (the "City") as a Defendant, asserting that the City was liable for the Individual Defendants' violations of his constitutional rights. Collura claimed that his rights had been violated in connection with his 2005 state court criminal case.

The City filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In an order entered on September 24, 2013, the District Court granted the City's motion, finding that the Individual Defendants were not employees of the City and that the City was not liable for their actions.[1] Collura filed a motion for reconsideration, which the District Court denied. He then filed a notice of appeal as to those orders, and the District Court later certified the orders pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[2] The case against the Individual Defendants remains pending in the District Court.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. See In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II), 751 F.3d 150, 156 (3d Cir. 2014). We

---

[1] The District Court also noted that, in any event, Collura's § 1983 claims against the City appeared to be barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

[2] Collura later requested that the District Court rescind its Rule 54(b) certification. After the District Court declined to do so, we directed the parties to proceed to briefing.

exercise plenary review over the District Court's dismissal order, see Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013), and we review for abuse of discretion the District Court's order denying Collura's motion for reconsideration, see Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). For the reasons set forth below, we will affirm.

The District Court correctly determined that Collura failed to state a claim against the City. In his complaint, Collura alleged that the City was liable to him based upon the actions of the Individual Defendants. However, both Judge Dembe and the employees of the First Judicial District's Parole Department are employed by the Commonwealth of Pennsylvania's Unified Judicial System, which is an instrumentality of the Commonwealth of Pennsylvania and not the City. See 42 Pa. Cons. Stat. § 102; see also Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240-41 (3d Cir. 2005); Callahan v. City of Phila., 207 F.3d 668, 672-73 (3d Cir. 2000). This is the case even if those positions receive local funding. See Callahan, 207 F.3d at 672. Because the City cannot be held liable for the alleged actions of Commonwealth employees, the District Court correctly dismissed Collura's claims as to the City.

We also discern no abuse of discretion regarding the District Court's decision to deny Collura's motion for reconsideration. A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered

3

evidence." See Max's Seafood Café, 176 F.3d at 677 (citation and quotation marks omitted). Collura's motion did not present any valid basis for reconsideration.[3]

Accordingly, we will affirm the judgment of the District Court.[4]

---

[3] Because we affirm on this basis, we need not review the District Court's alternative suggestion that Collura's claims against the City are Heck-barred.

[4] Collura's "Motion for Leave to Exceed Word Limitation in Reply Brief" as well as his "Motion for Leave to File Supplemental Appendix" are granted.