NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1718
_____

J. C., INDIVIDUALLY, AND ALL OTHERS SIMILARLY SITUATED,
Appellant

v.

NICHOLAS FORD; STEFFEN BOYD; JOSETTE SPRINGER; SHONDA WILLIAMS;
JOHN W. HARRISON; E. MARTINEZ; STEVEN AUSTIN; DARLENE MILLER;
CHARLES HOYT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-04745)
District Judge: Honorable Gerald A. McHugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2016

Before: FISHER, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: December 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant J.C. appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania in his 42 U.S.C. § 1983 action. We will affirm in part, and vacate in part, the judgment of the District Court, and will remand for further proceedings.

I.

Because we write primarily for the parties, we only briefly recite the facts. J.C. averred that the defendants, who are employees of the Philadelphia Adult Probation and Parole Department, retaliated against him for filing a lawsuit against Probation Officer Nicholas Ford ("Ford"). J.C. claimed that Ford, after learning that J.C. had filed a cause of action against him, conducted a suspicionless urinanalysis, attempted to search his residence, refused to provide him with a summary sheet for a hearing, threatened J.C., and obtained and distributed confidential medical information. J.C. further alleged that Josette Springer, Shonda Williams, and E. Martinez required J.C. to provide an emergency contact during an office visit and detained him when he refused to provide one. J.C. contended that prior to a hearing, John Harrison informed the judge that J.C. wanted to wait until his attorney arrived. Finally, J.C. claimed that Steven Austin, Steffen Boyd, Charles Hoyt, and Darlene Miller were supervisors who condoned such actions by their subordinates.

J.C. filed a civil rights action in the Eastern District of Pennsylvania, alleging a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. J.C. sought injunctive relief as well as compensatory and punitive damages against the defendants in their

2

official and individual capacities. The defendants filed a partial motion to dismiss J.C.'s complaint against the defendants in their official capacity pursuant to Federal Rule of Civil Procedure 12(b).

Having received no response from J.C., the District Court granted the motion and dismissed J.C.'s complaint with prejudice. J.C. filed an out-of-time response to the defendants' motion and a timely motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and/or a motion for relief from judgment pursuant to Rule 60(b). The District Court denied J.C.'s motion, and J.C. timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's decision to grant a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). To state a legally sufficient claim for relief, a plaintiff need only plead enough factual content, taken as true, to support "the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Whether a defendant is entitled to absolute immunity is a question of law that requires de novo review. See Figueroa v. Blackburn, 208 F.3d 435, 439 (3d Cir. 2000).

## III.

### A.    Official Capacity Claims

Upon review, we perceive no error in the District Court's decision to dismiss the complaint against the defendants in their official capacity. It is well established that the

Eleventh Amendment generally bars a civil rights suit in federal court that names the state as a defendant. Laskaris v. Thornburgh, 661 F.2d 23, 25-26 (3d Cir. 1981). While a state may consent to be sued in federal court, Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 73 (2000), Pennsylvania has specifically withheld consent, 42 Pa. Cons. Stat. Ann. § 8521(b). "We have held that Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." Haybarger v. Lawrence Cty. Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir. 2008). Accordingly, the Philadelphia Adult Probation and Parole Department and its employees acting in their official capacity are entitled to immunity from damages suits.

Although official capacity claims requesting prospective injunctive relief are not barred by the Eleventh Amendment, see Ex parte Young, 209 U.S. 123 (1908), plaintiffs who seek the jurisdiction of the federal courts must show that they have sustained or are in immediate danger of sustaining some direct injury as the result of the challenged official conduct. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). The injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical." Id. J.C. sought an injunction terminating Ford's employment with the City of Philadelphia, forcing Ford to undergo mental health treatment, ending the Probation Department's practice of suspicionless urine tests, and destroying his confidential medical records. The only future injury J.C. alleged in his complaint is that he may be subject to a suspicionless urine test pursuant to the Probation Department's custom, practice, and policy of administering suspicionless urineanalyses. The policy to which

4

J.C. points, as attached to his complaint as Exhibit B1, clearly refutes this claim. See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (noting that documents attached to a complaint may be considered on Fed. R. Civ. P. 12(b)(6) review). The attached exhibit demonstrates that the Probation Department's policy requires reasonable suspicion to conduct a urine test which is in accordance with 42 Pa. Cons. Stat. Ann. § 9912(d). Accordingly, J.C. failed to state a plausible claim that he will be subject to a suspicionless urine test in the future. See Iqbal, 556 U.S. at 678. As J.C. has not alleged that there is any "real and immediate" threat that he will be injured by the actions which he seeks to have enjoined, he lacks standing to bring his claims for prospective injunctive relief. Therefore, we will affirm the judgment of the District Court with regards to J.C.'s claims against the defendants in their official capacity.

B.    Individual Capacity Claims

The defendants filed a partial motion to dismiss the claims against them in their official capacity; nevertheless, the District Court dismissed the complaint in its entirety without addressing the claims against the defendants in their individual capacity. On appeal, in their motion to be excused from filing a brief, the defendants concede, and we agree, that the dismissal was error with respect to J.C.'s claims against the defendants in their individual capacity. The defendants, in appreciated candor to the Court, acknowledge that the defenses put forth by the defendants in their official capacity are not available to them in their individual capacity. Accordingly, we will vacate the

5

judgment of the District Court with respect to J.C.'s claims against the defendants in their individual capacity.

IV.

For the foregoing reasons, we will affirm in part, vacate in part, and remand for further proceedings on J.C.'s individual capacity claims.