**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2918
_____

JASON COLLURA,
                              Appellant

v.

NICHOLAS JAMES FORD; PAMELA P. DEMBE;
MARY POLITANO; CITY OF PHILADELPHIA; STEFFEN BOYD;
STEVEN AUSTIN; CHARLES HOYT; ROBERT J. MALVESUTO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-04066)
District Judge:  Honorable Petrese B. Tucker
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 9, 2021
Before:  CHAGARES, PHIPPS and COWEN, Circuit Judges

(Filed July 14, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jason Collura, proceeding pro se, appeals the District Court's dismissal of his civil rights action. For the reasons that follow, we will affirm.

Because the parties are familiar with the history and details of this case, we provide only a summary. In 2013, Collura filed a federal civil rights complaint under 42 U.S.C. § 1983. He alleged violations of his civil rights in connection with his 2005 criminal case in the Court of Common Pleas of Philadelphia County, over which the Honorable Pamela P. Dembe presided. Collura named as defendants Judge Dembe, the City of Philadelphia, and several probation officers of the Probation and Parole Department of the First Judicial District of Pennsylvania. The District Court granted Judge Dembe's motion to dismiss on judicial immunity grounds and the City of Philadelphia's motion to dismiss because the City did not employ the probation officers. The District Court certified the dismissals under Rule 54(b) of the Federal Rules of Civil Procedure. We affirmed in 2016. See Collura v. Ford, 637 F. App'x 673 (3d Cir. 2016) (per curiam, not precedential). The case resumed against the individual probation officers, including Nicholas Ford.

Meanwhile, in 2015, Collura, using his initials "J.C.," filed another civil action docketed at E.D. Pa. Civ. No. 15-cv-04745. The complaint contained similar allegations against Ford and the other probation officers during the same period. The complaint also added defendants and allegations concerning an expanded time frame. The District Court dismissed the complaint. We affirmed with respect to the dismissal of official capacity claims but vacated and remanded for further proceedings on the individual capacity

2

claims.  See J.C. v. Ford, 674 F. App'x 230 (3d Cir. 2016) (per curiam, not precedential).

On remand, the District Court dismissed the claims against all defendants except Ford.

Because the 2013 complaint was ongoing against Ford regarding similar allegations, the

2015 case was transferred to the presiding judge in the 2013 complaint.  In September

2017, the District Court consolidated the two cases and directed the filing of a

consolidated amended complaint in the lead case (the 2013 case underlying this appeal)

concerning the remaining claims and defendants.

Instead of filing an amended complaint, Collura filed numerous unsuccessful

motions for judgment on the pleadings, summary judgment, default judgment, and other

motions.  He also filed a mandamus petition to contest the District Court's rulings and the

consolidation order; we denied the petition.  See In re:  J.C., 731 F. App'x 129 (3d Cir.

2018) (per curiam, not precedential).  In March 2018, the District Court directed Collura

to comply with the September 2017 order and file a consolidated amended complaint

within 30 days.  Collura did not comply and continued to file motions for default

judgment, motions for full or partial summary judgment, and motions to sever and for

disqualification of the District Court Judge.  In March 2019, the District Court denied

Collura's motions and again directed him to comply with the September 2017 order.

Instead of doing so, Collura filed additional motions, including a motion for

reconsideration of the March 2019 order.  In addition, Collura filed yet another

mandamus petition to contest various District Court rulings, including the denial of his

motion for disqualification.  We denied the petition.  See In re: Collura, 773 F. App'x 104 (3d Cir. 2019) (per curiam, not precedential).

In May 2019, the District Court denied relief on Collura's motions and dismissed his case under Federal Rule of Civil Procedure 41(b).  The District Court noted Collura's consistent failure to comply with court orders, including the September 2017 order, March 2018 order, and March 2019 order, directing him to file an amended complaint. Collura filed a motion for reconsideration, which the District Court denied.

This appeal followed.[1]  We have jurisdiction under 28 U.S.C. § 1291.  A district court has the authority to dismiss a suit for failure to prosecute by virtue of its inherent power and under Rule 41(b).  See Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994). We review such a dismissal for an abuse of discretion.  See Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990).

Collura argues that Rule 41(b) does not authorize sua sponte dismissals, but we long have recognized the propriety of sua sponte action under Rule 41(b).  See Spain, 26 F.3d at 455 (holding that sua sponte Rule 41(b) dismissal was appropriate, noting that no motion was required).  Collura also asserts that the District Court erred in failing to conduct an analysis of the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  Ordinarily, a district court must consider the Poulis

---

[1] In June 2020, months after filing his notice of appeal, Collura filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure.  The District Court denied the motion. Collura's notice of appeal from that ruling was docketed at C.A. No. 21-1089.  That matter is outside the scope of this appeal.

4

factors before sua sponte dismissing a suit as a sanction. Yet when a plaintiff's refusal to comply with an order makes adjudication of the case impossible, a court may dismiss a case without conducting a Poulis analysis. See Guyer, 907 F.2d at 1430 (discussing continued willful refusal to obey an explicit order, despite several chances to comply); see also Spain, 26 F.3d at 454-55 (3d Cir. 1994) (discussing failure to prosecute remaining claims in response to receiving adverse rulings). Such is the case here. Collura refused to comply with the District Court's repeated orders to file an amended complaint so that his case could proceed, choosing instead to file numerous motions. We conclude that no abuse of discretion occurred, and that the District Court's dismissal of Collura's case was appropriate.[2] We also discern no error in the denial of Collura's motion for reconsideration, as he did not present a proper basis for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

We have considered Collura's arguments and conclude that they are without merit. Accordingly, we will affirm the District Court's orders.

---

[2] Collura suggests that we must review the District Court's prior rulings as well as the dismissal order. See Appellant's Reply Brief at 17 and n.17 (quoting Hendler v. United States, 952 F.2d 1364, 1368 (Fed. Cir. 1991) ("When errors of law in the underlying orders sent the trial court down the wrong path, courts have reviewed the merits of the underlying decisions as well as the final dismissal sanction.")). Yet Hendler recognizes an exception to the merger of interlocutory orders with a final order, when that final order is a dismissal for bad faith or dilatory conduct. See Hendler, 952 F.2d at 1368 (stating that "[t]o hold otherwise would open up a back door route to review of interlocutory orders and would reward bad conduct.") We decline to expand the scope of our review here.