**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2710
_____

DOMENIC TRICOME,
                              Appellant

v.

EBAY, INC.; BARACK OBAMA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-05614)
District Judge:  Honorable Gene E. K. Pratter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 22, 2017
Before:  SHWARTZ, COWEN and FUENTES, Circuit Judges

(Opinion filed:  March 23, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Domenic Tricome appeals from a District Court order dismissing his complaint for

lack of prosecution.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

On October 7, 2015, Domenic Tricome filed a complaint in the Eastern District of Pennsylvania alleging antitrust and contract claims. The District Court directed the Clerk of that court to place the matter in suspense, pending Tricome's submission of a complete copy of the complaint, noting that several pages were missing. After Tricome failed to file a complete complaint, the District Court again ordered Tricome to file a complete copy of his complaint and warned that if he failed to comply, his complaint would be subject to dismissal for failure to prosecute. Tricome failed to comply with this order and the District Court dismissed Tricome's complaint without prejudice for failure to prosecute. Tricome appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Although an order dismissing a complaint without prejudice typically is not final under § 1291, this Court has jurisdiction where the defect in the complaint cannot be cured. See Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). A dismissal without prejudice is final for purposes of § 1291 if the statute of limitations had expired by the time of the court's order. Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1156 (3d Cir. 1986). Although it is difficult to discern Tricome's exact claims, it appears that a four year statute of limitations applied. See 42 Pa. Cons. Stat. § 5525 (setting out a four year statute of limitations for contract actions in Pennsylvania); see 15 U.S.C. § 15b (providing a four year statute of limitations for antitrust damage actions). In his

complaint, Tricome alleged that his claims arose on May 7, 2007.[1]  Accordingly, Tricome's claims are effectively barred as the statute of limitations had run at the time of the District Court's dismissal.  Accordingly, we are satisfied that the District Court's order is final within the meaning of § 1291.

III.

A district court has the authority to dismiss a suit <u>sua sponte</u> for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b).  <u>See</u> <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962); <u>Donnelly v. Johns-Manville Sales Corp.</u>, 677 F.2d 339, 340-41 (3d Cir. 1982) (holding that a district court may <u>sua sponte</u> dismiss for failure to prosecute or failure to comply with court orders).  We review a District Court's dismissal of a plaintiff's claim pursuant to Rule 41(b) for an abuse of discretion.  <u>Doe v. Megless</u>, 654 F.3d 404, 411 (3d Cir. 2011).  Ordinarily a district court is required to consider and balance six factors enumerated in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), when deciding, <u>sua sponte</u>, to use dismissal as a sanction.  <u>Id.</u>  When a litigant's conduct makes adjudication of the case impossible, however, such balancing under <u>Poulis</u> is unnecessary.  <u>See</u> <u>Guyer v. Beard</u>, 907 F.2d 1424, 1429-30 (3d Cir. 1990) (holding that dismissal of a habeas petition was proper where the petitioner's behavior was "contumacious" and "made adjudication of the case impossible."); <u>see also</u> <u>Spain v. Gallegos</u>, 26 F.3d 439, 454-55 (3d Cir. 1994)

---

[1] Tricome's complaint also stated that the Supreme Court of the United States denied his petition for certiorari on October 7, 2013.  There is no basis to believe that Tricome's antitrust and contract claims arose on the date the Supreme Court denied a petition for certiorari.

(finding <u>sua</u> <u>sponte</u> dismissal appropriate where the plaintiff willfully refused to prosecute her case). Tricome's complaint provided no basis for an opposing party to respond, as it referred to "page 6" of the complaint for a detailing of the claim, but "page 6" was not filed as part of the complaint. The complaint as filed failed to present any clear articulation of actionable conduct by the defendants, injuries sustained by Tricome, or relief requested. Tricome failed to correct the defect in his complaint that was pointed out in two explicit orders of the District Court, and he clearly was advised that he faced dismissal of his complaint if he failed to submit a complete copy it. Tricome's failure to file a complete complaint in the nearly seven months provided by the District Court made adjudication of his case impossible. <u>See</u> <u>Guyer</u>, 907 F.2d 1430. Under the circumstances, the District Court did not abuse its discretion in dismissing Tricome's complaint.

IV.

For the foregoing reasons, we will affirm the order of the District Court.